**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2300
_____

MARK MAZZA; LISA MAZZA,
Appellants

v.

THE BANK OF NEW YORK MELLON CORPORATION, DBA Bank of New York
Mellon; BANK OF AMERICA NA; BAC HOME LOANS SERVICING LP;
SPECIALIZED LOAN SERVICING LLC; MERSCORP HOLDINGS INC., FKA
MERSCorp Inc.; JOHN DOE DEFENDANTS 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-03253)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 29, 2024)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mark and Lisa Mazza, proceeding pro se, appeal an order of the District Court dismissing their action after they failed to timely file an amended complaint and an order denying their motion for recusal. For the reasons that follow, we will affirm.

A foreclosure judgment was issued in favor of The Bank of New York Mellon and against the Mazzas in Pennsylvania state court in 2015. The Bank bought the residential property at issue at a sheriff's sale in 2017. The Mazzas, however, still live there. In 2020, they filed a complaint in the District Court against the Bank and other defendants challenging, among other things, the assignments of their mortgage. The District Court granted the defendants' motions to dismiss the complaint and afforded the Mazzas leave to amend certain claims by March 8, 2021. The Mazzas appealed. We dismissed the appeal for lack of jurisdiction and denied the Mazzas' petition for rehearing. See C.A. No. 21-1546 (1/5/22 and 11/10/21 Orders).

The Mazzas did not file an amended complaint after we decided their appeal. In an order entered on May 18, 2022, the District Court directed them to file an amended complaint, or a statement that they intend to stand on their original complaint, by June 1, 2022. The Mazzas were warned that if they stood on their complaint or failed to timely respond, the Court would dismiss the case with prejudice for failure to state a claim. The Mazzas moved for a 21-day extension of time to file an amended complaint. The District Court granted the motion and required that they file their amended complaint by June 22, 2022. The Mazzas filed an amended complaint on June 27, 2022, five days late.

The defendants asked the District Court to dismiss the case with prejudice due to the Mazzas' failure to comply with its orders. In response, the District Court ordered the

2

parties to show cause why the case should not be dismissed under Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The parties responded, and the District Court heard oral argument. The Mazzas also moved for the recusal of the District Judge. The District Court denied the recusal motion, and later dismissed the case. It ruled that all of the Poulis factors weighed in favor of dismissal. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to comply with a court order for abuse of discretion. Davis v. Samuels, 962 F.3d 105, 116 n.13 (3d Cir. 2020). The District Court abuses its discretion "where it fails to properly consider and balance [the Poulis] factors." Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (quoting Poulis, 747 F.2d at 868, and omitting emphasis). Not all of the factors need to be met to warrant dismissal; however, a decision on the merits is favored, and a dismissal with prejudice is a drastic sanction. Id.

The Mazzas challenge the District Court's consideration of the Poulis factors. With regard to the first factor, the Mazzas conceded that they were responsible for the late filing but suggested that it should be excused because they receive court orders by

mail, not electronically. The District Court rejected this contention because the Mazzas had not requested electronic access or provided an email address and had declined an option to receive filings both by mail and electronically. It noted that the Mazzas had ample notice of the June 22, 2022, deadline because they had suggested it. The Mazzas assert that they need to receive documents by mail because they do not have a printer. For the reasons stated by the District Court, this argument does not excuse their late filing. Moreover, the Mazzas stated below that they received the order granting an extension of time on June 4, 2022, well ahead of the deadline.[1]

The Mazzas also dispute that the second factor – prejudice to the defendants – favors dismissal because their amended complaint was only several days late. The District Court concluded that the Mazzas' conduct had prevented a speedy and fair resolution of the action and was prejudicial. It also noted that they were collaterally attacking the foreclosure, that the Bank was seeking to enforce the foreclosure in a separate ejectment action, and that their conduct affects the resolution of that case. Regardless of the impact on the ejectment action, we agree that the defendants have been prejudiced. As discussed further below, there was already significant delay when the amended complaint was filed. The action had been pending for two years. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002) (concluding delays precluding the resolution of defendants' summary judgment motion were prejudicial). And as several

---

[1] We note that the Mazzas used the Court's electronic filing system in their prior appeal and in this appeal. They receive correspondence electronically and by mail.

4

Appellees assert, they have incurred litigation costs, including responding to the show cause order and addressing the delay at oral argument.

Regarding the third factor, the Mazzas contend that they do not have a history of dilatoriness because, with the exception of the late filing of their amended complaint, they have complied with court orders. The record, however, supports the District Court's finding that the Mazzas have consistently delayed the progress of their case. See Hildebrand, 923 F.3d at 135 (stating that a party's acts "'must be evaluated in light of its behavior over the life of the case'") (citation omitted). The Mazzas moved for numerous extensions of time – two to respond to the defendants' motion to dismiss, two to file an amended complaint, and six to respond to orders in their interlocutory appeal. Furthermore, they did not promptly pursue their case in the District Court after their appeal concluded, which resulted in additional delay.

The Mazzas dispute that they acted in bad faith or willfully, the fourth Poulis factor. They argued below that they believed their amended complaint was due on June 27, 2022, under Federal Rule of Civil Procedure 6(d), which extends deadlines where service is by mail. The District Court ruled that this factor weighed against the Mazzas because the Rule was inapplicable, Mr. Mazza was a former attorney, and it was plausible the Mazzas were intentionally delaying the action to avoid eviction. The Mazzas concede that they misunderstood the Rule but argue that their conduct was not in bad faith or willful. The procedural history, however, supports a finding of willfulness. See Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008) ("[w]illfulness involves intentional or self-serving behavior") (citation omitted).

5

The District Court found with regard to the fifth Poulis factor that, given the nature of the action and the Mazzas' pro se status, imposing attorney fees or another monetary sanction would not be an effective alternative sanction to dismissal. While the Mazzas did not propose any alternative sanctions below, they contend that the District Court failed to consider a warning or reprimand and suggest that they could pay a monetary sanction. The Mazzas, however, had already been advised that their case would be dismissed if they failed to timely file an amended complaint. They also sought to proceed in forma pauperis in this appeal, albeit without success.

Regarding the sixth factor, the Mazzas argue that the District Court did not adequately assess the merits of their case and explain its conclusion that their amended complaint was deficient. With the exception of a few general statements in their reply brief, the Mazzas have not addressed the merits of their claims. They have not shown that this factor weighs in their favor. Even if we were to deem this factor a neutral one, the other Poulis factors weigh in favor of dismissal. The District Court did not abuse its discretion. To the extent the Mazzas contend that the District Court erred in issuing a show cause order in response to the defendants' requests that it dismiss the case, they have shown no error in this regard.

Finally, the District Court did not abuse its discretion in denying the Mazzas' motion for recusal. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013) (noting standard of review). We agree, for substantially the reasons stated by the District Court, that the Mazzas did not establish actual bias or that a reasonable person might question the District Judge's impartiality. The Mazzas' arguments that the District Judge

6

was biased as a result of his assignment to the ejectment action against them, and that his bias was evident at the September 21, 2022, status conference, are without merit.

Accordingly, we will affirm the judgment of the District Court.